# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARTY WALSH, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:21-cv-00949 |
| | ) | |
| ALL SEASONS HOSPITALITY AND | ) | |
| INVESTMENTS, LLC d/b/a HOLIDAY INN | ) | |
| EXPRESS & SUITES and TANVIR M. | ) | |
| SHAHMOHD, Individually, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Marty Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin All Seasons Hospitality and Investments, LLC d/b/a Holiday Inn Express & Suites and Tanvir M. Shahmohd from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, hereinafter referred to as the Act, and for all other appropriate relief, including the payment of back wages and other benefits found due to an employee of Defendants by reason of Defendants' actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant All Seasons Hospitality and Investments, LLC d/b/a Holiday Inn Express & Suites is now, and at all times hereinafter mentioned was, a limited liability company formed

under the laws of the State of Texas and operating and doing business at 31380 Farm to Market 2920 Road, Waller, Texas 77484, within the jurisdiction of the Court.  In addition, venue is proper as the events or omissions giving rise to the claim occurred within this district.  Defendant All Seasons Hospitality and Investments, LLC's registered agent for service of process is Tanvir M. Shahmohd, 12007 Sunrise Way, Houston, Texas 77065-3918.

III.

Defendant Tanvir M. Shahmohd, an individual, resides at 12007 Sunrise Way, Houston, Texas 77065, and is the Administrator and Manager of All Seasons Hospitality and Investments, LLC.  Shahmohd manages the Holiday Inn Express & Suites and holds himself out as the owner. At all times hereinafter mentioned, Defendant Shahmohd acted directly or indirectly in the interest of All Seasons Hospitality and Investments, LLC d/b/a Holiday Inn Express & Suites and was therefore conducting business in Harris County, Texas, within the jurisdiction of the Court.

IV.

At all relevant times mentioned hereafter, Crystal Killian, was employed by Defendants and was an employee employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

V.

A.  On or about January 31, 2019, Killian filed a retaliation complaint with the Occupational Safety and Health Administration (OSHA) alleging that Defendants discriminated against her in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

B.  Plaintiff thereafter investigated the above complaint in accordance with Section 11(c)(2) and determined that Defendants violated Section 11(c) of the Act.

VI.

On or about January 9, 2019, Defendants discriminated against Killian by terminating her employment because she exercised on behalf of herself and/or others rights afforded by the Act. Specifically, Killian expressed an occupational safety and health concern to Defendants regarding carbon monoxide exposure at the hotel, and reported a work-related illness to Defendants when she stated that she did not feel well and needed medical treatment.  Defendants refused to call an ambulance for Killian, and told Killian that she would be fired if she called an ambulance. Further, when Killian stated her intention to leave work to go to the hospital, Defendants reiterated that if Killian left she was fired.  Killian refused to continue working on January 9, 2019 due to the effects of carbon monoxide poisoning, and sought medical attention for the work-related injury that she reported.  Defendants had subsequent conversations with Killian on January 9, 11, and 25, 2019, wherein Killian expressed her understanding that she had been terminated on January 9, 2019 for leaving work to go to the hospital.  Defendants did nothing to dispel Killian's understanding that she was fired for leaving work to seek medical treatment.

VII.

As a result of Defendants' discriminatory actions, Killian incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses resulting from Defendants' illegal termination of Killian.

VIII.

By the actions described in Paragraph VI above, Defendants discriminated, and are discriminating, against Crystal Killian because she exercised rights under or related to the Act, and Defendants engaged in conduct in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

WHEREFORE, cause having been shown, Plaintiff prays for judgment:

A.      Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from violating the provisions of Section 11(c)(1) of the Act;

B.      Ordering Defendants to:  1) reimburse Killian for lost wages and other lost benefits that resulted from discontinuing her employment, with interest thereon from the date due until paid; 2) offer reinstatement to Killian, or in lieu of reinstatement, provide her with front pay in an amount to be determined at trial; and 3) expunge from all personnel and company records references to the circumstances giving rise to Killian's unlawful termination;

C.      Ordering Defendants to reimburse Killian for any costs, expenses and/or other pecuniary losses she incurred as a result of Defendants' discriminatory actions;

D.      Ordering Defendants to pay compensation for non-pecuniary losses Killian incurred, including emotional pain and suffering and damage to her professional and personal reputation;

E.      Ordering Defendants to pay additional compensation to Killian as exemplary or punitive damages in an amount to be determined at trial;

F.      Ordering Defendants to post in a prominent place for a period of 60 consecutive days a notice stating they will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

G.      Ordering such other and further relief as may be necessary or appropriate, and for the costs of this action.

Respectfully submitted,

ELENA S. GOLDSTEIN
Deputy Solicitor

JOHN  RAINWATER
Regional Solicitor

Address:
U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone:  (972) 850-3112
Facsimile:  (972) 850-3101

MARY KATHRYN COBB
Counsel for Civil Rights

*/s/ Jennifer J. Johnson*
JENNIFER J. JOHNSON
Senior Trial Attorney
johnson.jennifer@dol.gov
Texas Bar No. 24055743

RSOL Case No. 0620-20-00340

Attorneys for Plaintiff